**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

EIGHTH DISTRICT ELECTRICAL PENSION FUND;

SUSAN KING, as Chair of the Delinquency Committee for the
Eighth District Electrical Pension Fund; and

NATIONAL ELECTRICAL BENEFIT FUND;

     Plaintiffs,

v.

GORDON SIGN COMPANY, LLC;

     Defendant.

_____

**COMPLAINT**
_____

     Plaintiffs set forth above ("Plaintiffs"), for their cause of action against Defendant

Gordon Sign Company, LLC ("Defendant"), state, allege, and aver as follows:

**NATURE OF THE CASE**

     1.    This Complaint brings an action to collect delinquent fringe benefit contributions

from Defendant that are due and owing pursuant to §§ 502 and 515 of the Employee Retirement

Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and pursuant to collective

bargaining agreements (hereinafter "CBAs") with International Brotherhood of Electrical Workers

Local Union No. 68 (hereinafter "Local 68").

## PARTIES

2.     Plaintiff Eighth District Electrical Pension Fund (hereinafter "Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2821 South Parker Road, Suite 215, Aurora, Colorado. Plaintiff Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3.     Plaintiff Susan King (hereinafter "King") is a proper party to this action based on her official capacity and fiduciary duties to Plaintiff Pension Fund, including the collection of contributions owed to Plaintiff Pension Fund.

4.     Plaintiff National Electrical Benefit Fund (hereinafter "NEBF") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3) and maintains its principal place of administration at 2400 Research Boulevard, Suite 500, Rockville, Maryland.  Plaintiff NEBF is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

5.     Plaintiffs Pension Fund and NEBF (hereinafter "Plaintiff Funds") are each a "multiemployer plan" within the meaning of 29 U.S.C. § 1002(37) and have been established and are maintained pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6.     Defendant Gordon Sign Company, LLC (hereinafter "Defendant"), is a limited liability company organized and existing under the laws of the State of Colorado; and is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION & VENUE

7.     This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145; and also pursuant to 28 U.S.C. §§ 1331 and 1367(a).

8.      Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiff Pension Fund is administered in the State of Colorado, the breach took place in the State of Colorado, Defendant may be found in the State of Colorado, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of Colorado.

## CAUSE OF ACTION

9.      Plaintiffs hereby incorporate by this reference paragraphs 1 through 8 above as if set forth fully herein.

10.     Defendant is a party to one or more CBAs with Local 68, and the CBAs govern the terms and conditions of employment of all employees of Defendant performing work covered by such CBAs. Said CBAs have been in effect at all times relevant to this action.

11.     At all times relevant to this action, Defendant has employed individuals who have performed work covered by the CBAs with Local 68.

12.     Each Plaintiff Fund was established and operates pursuant to a written agreement and/or declaration of trust (hereinafter "Trust Agreement"). These Trust Agreements are incorporated by reference into, and are a material part of, the CBAs between Local 68 and Defendant.

13.     Among other duties imposed upon Defendant under the CBAs, Defendant is required to make contributions to the Plaintiff Funds which provide retirement and other benefits for employees of contractors, such as Defendant, who are signatory to the CBAs with Local 68.

14.     Defendant is obligated under the CBAs and Trust Agreements to timely submit reports and contributions to Plaintiff Funds. Defendant is required to submit contributions to

Plaintiff Funds each month in such amounts as determined by the number of hours of covered work performed by, and for NEBF the gross wages of, Defendant's employees at the rates established for Plaintiff Funds in the CBAs and incorporated documents.

15.     The CBAs, which incorporate the Trust Agreements and duly-adopted rules of Plaintiff Funds, require that contributions to Plaintiff Funds be made at the end of each month. Payments not made by the 15th day of the following month are deemed delinquent.

16.     Defendant has failed to make contributions to Plaintiff Funds for the hours of covered work performed by its employees under the CBAs during the months of June through November 2019, and continuing to date. As a result, Defendant has breached the CBAs and Trust Agreements, and Defendant has breached its obligations under ERISA, 29 U.S.C. § 1145.

17.     Defendant is liable and indebted to Plaintiffs for delinquent contributions due under the CBAs and Trust Agreements in the amount of Seventeen Thousand Four Hundred Eighty-Four Dollars and Forty-Seven Cents ($17,484.47) for the months June through November 2019.

18.     Defendant is also liable in an amount, presently unknown but to be determined in this action, for contributions due and owing for hours of unreported covered work performed by Defendant's employees for such additional and future months for which Defendant fails to submit reports or make contributions during the pendency of this action, and for which discovery may be conducted to determine the amount owed.

19.     The CBAs, Trust Agreements, and ERISA provide remedies to Plaintiff Funds in the event an employer fails to make full and timely contributions to Plaintiff Funds for all hours of work covered by the CBAs. Among the remedies are costs of collection, attorneys' fees, interest, and liquidated damages.

20.     Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiff Pension Fund for liquidated damages at the rate of ten percent (10%), and Plaintiff NEBF for liquidated damages at the rate of twenty percent (20%) assessed upon untimely and/or unpaid contributions. Accordingly, Defendant is liable to Plaintiff Funds for liquidated damages in the amount of Two Thousand Two Hundred Seventy-Eight Dollars and Forty-Four Cents ($2,278.44) assessed upon Defendant's untimely and/or unpaid contributions for the months of June 2019 through November 2019. Defendant is also liable to Plaintiff Funds in an amount, presently unknown but to be determined in this action, for liquidated damages to be assessed upon untimely and outstanding contributions owing for unreported hours of covered work performed by Defendant's employees in such additional and future months for which Defendant fails to submit reports or make contributions during the pendency of the action, and for which discovery may be conducted to determine the amount owed.

21.     Pursuant to the CBAs and Trust Agreements incorporated therein, Defendant is liable to Plaintiff Pension Fund for interest at the rate of the Federal short-term interest rate for underpayment, plus two percent (2%), and to Plaintiff NEBF at the interest rate of ten percent (10%) annually, compounded monthly, upon the untimely and/or unpaid contributions. Accordingly, as of December 17, 2019, Defendant is liable to Plaintiff Funds in the amount of Three Hundred Thirty-Four Dollars and Sixty-Four Cents ($334.64) for interest accrued upon Defendant's untimely and/or unpaid contributions for the months of June 2019 through November 2019. Defendant is also liable to Plaintiff Funds in an amount, presently unknown but to be determined in this action, for interest to be assessed upon untimely and outstanding contributions owing for unreported hours of covered work performed by Defendant's employees in such

additional and future months for which Defendant fails to submit reports or make contributions during the pendency of the action, and for which discovery may be conducted to determine the amount owed.

22.     Plaintiffs have incurred, and will continue to incur, attorneys' fees and other costs in their efforts to remedy Defendant's failure to pay contributions pursuant to the CBAs and Trust Agreements. Plaintiffs are entitled to recover these fees and costs pursuant to the terms of the CBAs, Trust Agreements, and by law.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

(1) Finding that Defendant is liable to Plaintiffs and entering judgment against Defendant and in favor of Plaintiffs accordingly;

(2) Finding that Defendant is liable to Plaintiffs for delinquent contributions, liquidated damages, and interest for the months of June 2019 through November 2019 in the amount of Twenty Thousand Ninety-Seven Dollars and Fifty-Five Cents ($20,097.55);

(3) Ordering Defendant to pay any and all amounts that are determined due and owing for work performed in December 2019, January 2020, and subsequent months after the filing of this action for which Defendant fails to submit reports and contributions, plus liquidated damages, interest, and other damages as may be determined to be due as of the date judgment is entered;

(4) Ordering Defendant to submit timely contributions and reports to the Plaintiffs as they become due;

(5) Awarding Plaintiffs their costs of this action and reasonable attorneys' fees attributable

to the collection of delinquent contributions, liquidated damages, and/or interest found

to be due and owing to Plaintiffs; and

(6) Granting Plaintiffs such other relief that the Court deems just and proper.

Dated: January 8, 2020

Respectfully submitted,

**BLAKE & UHLIG**

*s/ Eric C. Beckemeier*
Eric C. Beckemeier
475 New Brotherhood Building
753 State Avenue
Kansas City, Kansas 66101
Telephone:    (913) 321-8884
Facsimile:     (913) 321-2396
ECB@blake-uhlig.com
*Attorney for Plaintiffs*